IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:21cr138-JAG |
| MATTHEW D. EYERLY, | |
| *Defendant.* | |

## STATEMENT OF FACTS

The parties stipulate that allegations contained in the Criminal Information and the following facts are true and correct, and that had this matter gone to trial, the United States would have proven each of them beyond a reasonable doubt.

At all times relevant to the Criminal Information and this Statement of Facts:

1.     The defendant, MATTHEW D. EYERLY, had been previously convicted of offenses enumerated in Chapter 110 of Title 18, United States Code, having plead guilty in United States District Court for the Southern District of Texas, on or about May 16, 2012, to charges of Conspiracy to Produce Child Pornography (in violation of 18 U.S.C. § 2251(a) and (e)) and Possession of Child Pornography (in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2)).

2.     The court sentenced the defendant to a 30-year term of imprisonment on or about January 10, 2013.  The Bureau of Prisons subsequently designated the defendant to Federal Correctional Institution Petersburg (FCI Petersburg), which is located within the Eastern District of Virginia, and is a federal facility within the special maritime and territorial jurisdiction of the United States.

3.     On or about December 15, 2019, the defendant knowingly and intentionally

possessed an obscene visual depiction of a prepubescent minor engaging in sexually explicit conduct, knowing that the contents of said visual depiction were of a sexually oriented nature.

4.      Specifically, on or about December 15, 2019, an FCI Petersburg correctional officer working in the prison's food service area observed the defendant in the act of drawing or writing something before the evening meal.   The correctional officer subsequently searched the defendant's belongings in the food service area and located an erotic story involving a ten-year-old girl.   Correctional officers then conducted a search of the defendant's cell.   Located among the defendant's belongings were several cardboard folders that contained dozens of photocopied images.   Subsequent review of those images by federal law enforcement confirmed that some of the images depicted minor children engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(a)(2).

5.      Also located within the folders found in the defendant's cell were 12 drawings, in varying stages of completion.   A number of those drawings constituted obscene visual depictions of prepubescent minors engaging in sexually explicit conduct.   Those illustrations included depictions of the anal and vaginal penetration of prepubescent children.   At all times, the defendant knowingly and intentionally possessed those visual depictions; and knew and understood that those illustrations depicted prepubescent minors engaging in sexually explicit conduct, and that the contents of those visual depictions were of a sexually oriented nature.

6.      In a consensual interview with federal law enforcement officers, the defendant admitted to having produced all but one of the drawings found within the defendant's cell.

7.      The defendant also acknowledged, during that consensual interview, that the cardboard folders and enclosed photocopied images had been in his possession, and that he had "flipped through" the images prior to the correctional officers' search of his cell.   The defendant

explained that he had earlier removed (and disposed of) additional images in the folders that also depicted children because he had considered those images to be "too horrible," which the defendant described as being "penetration . . . anything more than nude." The defendant acknowledged that he "100 percent agree[d]" with a federal agent's description of one of the images as depicting a prepubescent child engaged in a sexual act, and later stated "now I've got to pay the punishment."

8.    The actions taken by the defendant, as described above, were taken willfully and knowingly. The defendant did not take those actions by accident, mistake, or with the belief that they did not violate the law.

9.    The preceding only includes those facts necessary to establish the defendant's guilt as to the offense to which he is entering a guilty plea. It does not necessarily reference all information known to the government or the defendant about the criminal conduct at issue.

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _____
Thomas A. Garnett
Assistant United States Attorney

3

After consulting with my attorney and pursuant to the plea agreement entered into this day between myself and the United States, I stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Matthew D. Eyerly
Defendant

I am Matthew D. Eyerly's attorney.   I have carefully reviewed the above Statement of Facts with him.   To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Laura Koenig, Esquire
Counsel for Defendant

4